IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

CRAIG SMART,

    Plaintiff,

v.                         CASE NO. CV415-182

KENAN TRANSPORT, LLC,

    Defendant.

## **O R D E R**

Plaintiff Craig Smart has filed a complaint in this Court that seeks damages based on Defendant's alleged negligence. (Doc. 1.) In the complaint, Plaintiff attempts to invoke this Court diversity jurisdiction. (Id. ¶ 14.) However, the jurisdictional allegations contained in the complaint are insufficient to establish complete diversity between the parties.

The party invoking this Court's diversity jurisdiction bears the burden of adequately pleading complete diversity between the parties. See 28 U.S.C. § 1332; Ray v. Bird & Son & Asset Realization Co., 519 F.2d 1081, 1082 (5th Cir. 1975)[1] ("The burden of pleading diversity of citizenship is upon the party invoking federal

---

[1] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

jurisdiction, and if jurisdiction is properly challenged, that party also bears the burden of proof."). For the purposes of diversity jurisdiction, a limited liability company ("LLC") is a citizen of every state in which any of its members are citizens. Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C., 374 F.3d 1020, 1021-22 (11th Cir. 2004). The Eleventh Circuit Court of Appeals has been explicit in addressing the proper method to allege sufficiently the citizenship of an LLC: "a party must list the citizenships of all the members of the limited liability company." Id. at 1022.

In this case, the complaint does not include a list of the individual members, along with their citizenship, of Defendant Kenan Transport, LLC. Rather, the complaint simply states that "none of the members of Kenan Transport, LLC are Georgia residents and Kenan Transport, LLC's principal place of business is in Ohio." (Doc. 1 ¶ 11.) The complaint relies on these allegations to advance the general conclusion that "there is complete diversity of citizenship between Plaintiff and Defendant." (Id. ¶ 14.)

However, the general allegation that no member of Defendant is a Georgia citizen is insufficient for

2

Plaintiff to carry its burden of establishing complete diversity between the parties. See Ray, 519 F.2d at 1082. Accordingly, Plaintiff is **DIRECTED** to file an amended complaint within **fourteen days** from the date of this order. As noted above, the amended complaint must properly allege diversity in this case by including the names and citizenships of each member of Defendant, thus allowing the Court to confirm that it possesses jurisdiction to entertain this case.

SO ORDERED this 26th day of June 2015.

WILLIAM T. MOORE, JR.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA